**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-cv- 00276-CMA-KMT

**MARGARET "MAGGIE" SANDOVAL,**

    **Plaintiff,**

**v.**

**EAGLE COUNTY SCHOOL DISTRICT RE50J,**

    **Defendant.**

_____

**STIPULATED PROTECTIVE ORDER**
_____

The Parties, through their undersigned counsel, request that the following Stipulated Protective Order be entered by the Court:

    1.    This Stipulated Protective Order shall apply to all documents as defined by Fed.R.Civ.P. 34(a), electronically stored information ("ESI"), materials, and other information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information or data disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure and appropriately designated as confidential as outlined in paragraphs 2 through 6 herein.

    2.    Counsel for a party may designate as "CONFIDENTIAL" any document or copy thereof as confidential if counsel for the party has reviewed the document and believes in good faith that the document contains confidential information or is otherwise subject to protection under FRCP 26(c). As used in this Protective Order, a document may be designated "CONFIDENTIAL" if it contains: Plaintiff's medical and tax or other

financial records; private information of a party such as personal financial information, records of healthcare providers, home addresses, telephone numbers and similar personal information; student information, and any commercially sensitive or proprietary information.

    3.    Confidential documents, materials, and/or information (collectively "CONFIDENTIAL INFORMATION") shall not, without the consent of the Party producing it or further Order of the Court, be disclosed, except that such information may be disclosed to:

    (a)    attorneys actively working on this case;

    (b)    persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    (c)    the Parties;

    (d)    expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    (e)    the Court and its employees ("Court Personnel");

    (f)    stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    (g)    deponents, witnesses, or potential witnesses; and

    (h)    other persons by written agreement of the Parties.

4. Documents may be designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

5. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a Party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

6. In the event confidential information is used in any court filing or proceeding in this action, it shall not lose its confidential status as between the parties through such use. Confidential information and pleadings or briefs quoting or discussing confidential information will not be accepted for filing "under seal" or otherwise kept out of the public record in this action, except by court order issued upon motion of the party seeking to file the documents under seal. Any motion requesting leave to file documents under seal shall comply with the requirements of D.C.COLO.LCivR 7.2 and 7.3.

7. A Party may object to the designation of particular CONFIDENTIAL INFORMATION by giving written notice to the Party designating the disputed information. The written notice shall identify the information to which the objection is made. If the Parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the Party designating the

information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating Party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the Party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

8. Nothing in this Protective Order shall be construed to prevent a party from using confidential information during depositions, during a Court hearing, or at the trial of this matter. Procedures for the protection of confidential matters at trial, if any, shall be arrived at separately by the parties or otherwise determined by the Court in advance of trial.

9. Notwithstanding any other provision of this Order to the contrary, no party is precluded from sharing any confidential information or document(s) with any lawfully constituted government or enforcement authority, pursuant to a lawful subpoena or request under the Colorado Open Records Act, provided, however, that reasonable notice shall be given to the other party prior to any such disclosure.

10. The inadvertent or unintentional disclosure by the supplying party of confidential information, regardless of whether the material was so designated at the time of disclosure, shall not be deemed a waiver, in whole or in part, of a party's claim of

confidentiality, either as to the specific material disclosed or as to any other material relating thereto or on the same or related subject matter.

11.     The provisions of this Order shall in no way affect the admissibility of evidence at trial or any preliminary evidentiary proceeding, and this Order shall not be construed as a waiver by any party of any objection that might be raised as to the discoverability or admissibility at trial of any document, information, or testimony.

12.     When this litigation has been fully decided, including completion of all possible appellate procedures, all confidential information shall be destroyed or preserved by counsel in a manner which is fully consistent with the spirit of this Protective Order.  At the end of litigation, counsel will not be required to return the material.

13.     CONFIDENTIAL INFORMATION shall be used for the sole, strict and limited purpose of the preparation and trial of this action and shall not be used for any other purpose.

14.     Nothing herein shall prevent any Party to this action from using, for any purpose, and in any manner, CONFIDENTIAL INFORMATION that such Party produced and designated as CONFIDENTIAL INFORMATION in connection with this action.

15.     Nothing herein shall preclude any Party from filing a motion seeking further or different protection from the Court under the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which CONFIDENTIAL INFORMATION shall be treated at trial.

16.     This Protective Order may be modified by the Court at any time for good cause shown following notice to all Parties and an opportunity for them to be heard.

Dated this 17th day of May, 2011,

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge

**APPROVED:**

| **BENEZRA & CULVER, P.C.** | **LYONS, GADDIS, KAHN & HALL, P.C.** |
|---|---|
| s/John A. Culver | s/Catherine A. Tallerico |
| _____ | _____ |
| John A. Culver, Esq. | Catherine A. Tallerico, Esq. |
| Seth J. Benezra, Esq. | 515 Kimbark St., 2nd Floor |
| 274 Union Blvd., #220 | Longmont, CO  80502-0978 |
| Lakewood, CO  80228 | (303) 776-9900 |
| (303) 716-0254 | ctallerico@lgkhlaw.com |
| sjbenezra@bc-law.com | *Attorneys for Defendant* |
| *Attorneys for Plaintiff* | |